[823 NE2d 437, 790 NYS2d 72]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER INSERRA, Respondent.

Argued October 21, 2004; decided November 30, 2004

## POINTS OF COUNSEL

*Richard A. Brown, District Attorney,* Kew Gardens (*Sharon Y. Brodt, Jennifer Hagan, John M. Castellano* and *Gary Fidel* of counsel), for appellant. The Appellate Term erred in reversing defendant's conviction because, contrary to the court's conclusion, the allegations of the criminal court complaint and supporting documents must be read together, and, so read, they provided reasonable cause to believe that defendant committed every element of criminal contempt in the second degree. (*People v Miles,* 64 NY2d 731; *People v Casey,* 95 NY2d 354; *People v Belcher,* 302 NY 529; *People v Konieczny,* 2 NY3d 569; *People v Alejandro,* 70 NY2d 133; *People v Mizell,* 72 NY2d 651; *People v Johnson,* 65 NY2d 556.)

*Legal Aid Society Criminal Appeals Bureau,* New York City (*Amy Donner* and *Laura R. Johnson* of counsel), for respondent. I. The Appellate Term correctly held that the prosecutor's information was jurisdictionally defective because the instrument it superseded failed to allege sufficient supporting factual allegations to establish the charge of second-degree criminal contempt, namely that respondent knew of the issuance and contents of the order of protection which he was accused of violating. (*People v Alejandro,* 70 NY2d 133; *People v Case,* 42 NY2d 98; *People v Casey,* 95 NY2d 354; *People v McCowan,* 85 NY2d 985; *People v Smith,* 258 AD2d 245; *People v Brown,* 128 Misc 2d 149; *People v Konieczny,* 2 NY3d 569.) II. The second-degree criminal contempt count of the prosecutor's information was jurisdictionally defective for failure to make out a crime because the facts it affirmatively alleged did not constitute a violation of the underlying order of protection. (*People v Case,* 42 NY2d 98; *People v Polanco,* 2 AD3d 1154; *People v Iannone,* 45 NY2d 589;

*People v D'Angelo,* 98 NY2d 733; *People v Barnes,* 50 NY2d 375; *People v Mackey,* 49 NY2d 274; *People v Shealy,* 51 NY2d 933.)

## OPINION OF THE COURT

ROSENBLATT, J.

On this appeal by the People, we address the sufficiency of an information charging defendant with criminal contempt of an order of protection. In particular, we must decide whether a defendant's name on the signature line of an order of protection adequately supports an allegation that the defendant knew of the order's contents. We hold that it does.

A Queens County Criminal Court jury found defendant guilty of criminal contempt in the second degree (*see* Penal Law § 215.50 [3]) for violating an order of protection. The order directed defendant to "stay away from" his ex-girlfriend and her home, school, business and place of employment. It further directed him to refrain from assaulting, stalking or harassing her. The People presented evidence that on the night in question defendant banged on the protected person's apartment door, shouting and demanding to be admitted.

Defendant appealed to Appellate Term, arguing that the original misdemeanor complaint, supporting deposition and superseding prosecutor's information all failed to allege that he had knowledge of the terms of the order an essential element of the crime (*see Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983] [noting that "the party to be held in contempt must have had knowledge of the court's order"]). Agreeing with defendant, Appellate Term reversed the conviction and dismissed the information, holding that "[t]he information in the present case states only that defendant's 'name' appears on the order, which is insufficient, as a matter of law, to establish that defendant had knowledge of its provisions." A Judge of this Court granted the People leave to appeal. We now reverse.

Citing CPL 100.40 (1) (c) and 100.50 (2), defendant correctly asserts that a prosecutor's information is jurisdictionally defective if the original information it supersedes and any supporting depositions do not contain adequate factual allegations. To be adequate, the allegations must establish, if true, every element of the crime charged and the defendant's commission of each (*see also People v Casey,* 95 NY2d 354, 360 [2000]).

Here, the supporting sworn deposition of the police officer who took the victim's complaint states that he "examined a

copy of [the] o[r]der of protection and that the defendant's name appears on the line for the defendant's signature." Although this statement does not prove that defendant actually placed his signature on the order, it is sufficient to allege the element of knowledge in an accusatory instrument. Defendant's name on the signature line of the order enables us to infer that he was aware of its contents, which are written on a single page in simple language and clear, legible type (*cf. Mesibov, Glinert & Levy, Inc. v Cohen Bros. Mfg. Co.*, 245 NY 305, 310 [1927] [Cardozo, Ch. J.] [discussing how a party's name on the signature line of a contract would be evidence of intent to be bound by the contract terms]).

Unlike *People v McCowan* (85 NY2d 985 [1995]), in which the defendant was merely informed that "an order" had been issued against him, here, defendant's name on the signature line sufficiently alleges that defendant received and read the terms of the order of protection. For pleading purposes, as based on the officer's attached deposition, the allegations, if true, were sufficient to establish that defendant violated each element of the crime charged, including his knowledge of the order of protection's contents. Of course, the People retained their burden to prove those elements at trial beyond a reasonable doubt.*

Furthermore, we reject defendant's final argument that the prosecutor's information failed to allege a violation by omitting a statement that the protected person was at home when defendant banged on the door. The original misdemeanor complaint and supporting deposition plainly allege that the order of protection prohibited defendant from going near the protected person's home, whether or not she was present. That allegation gave the defendant sufficient notice of the conduct at the base of the People's prosecution.

Accordingly, the order of the Appellate Term should be reversed and the case remitted to that court for consideration of the facts (*see* CPL 470.25 [2] [d]; 470.40 [2] [b]).

---

* It is not necessary for us to reach defendant's argument concerning the admissibility of the copy of the underlying order. We note that, in general, the best practice would be for the People to make sure that any court order used to support a criminal charge is properly certified and authenticated by the appropriate custodian of records.

34

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.