Judgment, Supreme Court, Bronx County (Diane Kiesel, J„), rendered July 7, 2010, convicting defendant, after a nonjury trial, of attempted criminal contempt in the second degree, and sentencing him to a term of 45 days, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5). Order, same court and Justice, entered on or about June 20, 2011, which denied defendant’s CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The accusatory instrument was facially sufficient. In pertinent part, it alleged that defendant entered his ex-wife’s place of employment, and that he thereby intentionally disobeyed a valid order of protection that directed him to stay away from his ex-wife’s place of employment. The underlying complaint stated the precise location of the offense, and also established that, only nine days earlier, defendant was present at the issuance of the order of protection and signed it. These allegations gave defendant sufficient notice to prepare a defense and had detail adequate to prevent him from being tried twice for the same of *420 fense (see People v Kalin, 12 NY3d 225 [2009]; see also People v Inserra, 4 NY3d 30, 33 [2004]).
Defendant’s principal argument is that the underlying order of protection was defective because it did not identify or state the address of defendant’s ex-wife’s place of employment. Unlike a challenge to the sufficiency of an accusatory instrument, a challenge to the validity of an underlying order of protection does not assert a nonwaivable jurisdictional defect (see People v Konieczny, 2 NY3d 569, 574-576 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal, since it is clear that defendant knew where his wife worked, both at the time the order was issued and at the time he deliberately violated the order by going to that location.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations. The evidence warranted the conclusion that defendant wilfully violated the order of protection.
Defendant’s challenge to the prosecutor’s summation is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. In context, the challenged remarks were responsive to defense arguments, and the prosecutor did not urge the court to convict defendant on a different theory from the one specified in the accusatory instrument.
The record supports the court’s denial of defendant’s motion to vacate the judgment. Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Counsel’s alleged deficiencies did not deprive defendant of a fair trial or affect the outcome, particularly in the context of a nonjury trial (see generally People v Moreno, 70 NY2d 403, 405-406 [1987]).
We perceive no basis for reducing the sentence. Concur— Tom, J.E, Sweeny, Román and Feinman, JJ.