Judgment, Supreme Court, Bronx County (Richard L. Erice, J), rendered July 26, 2012, convicting defendant, after a nonjury trial, of attempted forcible touching, attempted assault in the third degree, attempted criminal contempt in the second degree, menacing in the third degree, and harassment in the second *510 degree (two counts), and sentencing him to an aggregate term of 60 days, unanimously modified, on the law, to the extent of vacating the conviction of attempted criminal contempt in the second degree and dismissing that count of the information, and otherwise affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).
The accusatory instrument was jurisdictionally defective as to the attempted criminal contempt charge, because it failed to allege that defendant had knowledge of the order of protection that he allegedly violated, an element of the crime (see People v Inserra, 4 NY3d 30 [2004]). However, we reject defendant’s challenges to a harassment charge, because defendant’s statement to the victim was clearly a threat of physical violence, when viewed in context.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations.
The court providently exercised its discretion in declining to unseal or review the sealed file of a case that was, at best, marginally related to the present case, with the exception of a statement that the People properly used to impeach a defense witness. The court also providently exercised its discretion in imposing reasonable limits on cross-examination. In any event, there was no reasonable possibility that any errors regarding these matters affected the court’s verdict.
Concur—Acosta, J.R, DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.