■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER KAPLAN, Appellant. [3 NYS3d 347]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered on or about June 23, 2014, convicting defendant, after a nonjury trial, of attempted criminal contempt in the second degree, and sentencing him to a term of 20 days, concurrent with one year of probation, and imposing a final order of protection, unanimously modified, on the law, to the extent of remanding for resentencing proceedings consistent with this decision, and otherwise affirmed.

The misdemeanor accusatory instrument in this Integrated Domestic Violence Part case was facially sufficient. In pertinent part, it alleged that, in a recorded phone call, defendant attempted to contact his wife through a third party in violation of an order of protection. These allegations gave defendant sufficient notice to prepare a defense and had detail adequate to prevent him from being tried twice for the same offense (*see People v Kalin*, 12 NY3d 225 [2009]). The instrument alleged conduct that came dangerously close to completion of a crime, and thus sufficiently alleged an attempted crime. Defendant's remaining claims regarding the instrument are without merit.

The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supported an inference that defendant knowingly and intentionally violated the provision of an order of protection barring any third-party contact with his wife. The evidence established attempted contempt, because the crime would have been complete had the third party complied with defendant's request. Defendant's claim that the attempted contact was justified as an emergency measure under Penal Law § 35.05 (2) is meritless.

Because defendant was convicted after trial of a misdemeanor, probation was not an agreed-upon sentence (*see* CPL 390.20 [4] [a] [ii]). Accordingly, a sentence of probation was not

authorized without a presentence report, and a remand is required for resentencing in compliance with CPL 390.20 (2) (a). In addition, as the People concede, the final order of protection should be reduced from five years to two years (*see* CPL 530.12 [5] [c]). Upon resentencing, that error should be corrected as well.

We have considered and rejected defendant's remaining claims, including his challenges to the admissibility of a recorded phone call he made while in custody awaiting arraignment on other charges. Concur—Tom, J.P., Friedman, Andrias, DeGrasse and Gische, JJ.