The People of the State of New York, Respondent,
against
Jonathan Contreras, Appellant.




Appellate Advocates (Lauren E. Jones, of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley, Daniel Berman of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Kings County (Raymond Rodriguez, J.), rendered October 30, 2014. The judgments convicted defendant, upon his pleas of guilty, of criminal trespass in the second degree and criminal contempt in the second degree, respectively. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel with respect to the appeal from the judgment convicting defendant of criminal trespass in the second degree.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged, in two accusatory instruments, with regard to incidents on May 19, 2014 and September 12, 2014, respectively.
The accusatory instrument charging defendant with, among other things, criminal trespass in the second degree (Penal Law § 140.15 [1]) alleged that, at approximately 1:30 p.m. on May 19, 2014, defendant went to the place of employment of his sister and told her, in sum and substance, that he had people watching her, and that he knew where her boyfriend worked, who their brother "hangs out with," and who was watching her children. At approximately 5:30 p.m., at 177 15th Street in Brooklyn, defendant's brother observed defendant sitting on the front stoop [*2]of defendant's brother's apartment building, which alarmed and annoyed him. Defendant also entered the apartment of a tenant of a building, and the tenant later saw defendant on the fire escape outside of her apartment and heard noise in the hallway outside of her apartment. A police officer apprehended defendant in the hallway of 177 15th Street.
At a May 20, 2014 proceeding in Kings County Criminal Court, Judge Stephen Antignani issued an order of protection in favor of, among others, defendant's sister, and against defendant, directing defendant to stay away from her and her home, place of business, and school. Defendant signed the order of protection, which was effective until November 28, 2014.
In an accusatory instrument dated September 15, 2014, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) in connection with an incident that had occurred at approximately 8:45 p.m. on September 12, 2014. The factual part of the accusatory instrument alleged that defendant, in violation of the order of protection that had been issued by Judge Antignani on May 20, 2014, had been observed by his sister "to be standing across the street from [her place of] employment."
On October 30, 2014, defendant appeared with counsel in Criminal Court before Judge Raymond Rodriguez. He agreed to plead guilty to criminal trespass in the second degree in satisfaction of the first accusatory instrument, and criminal contempt in the second degree in satisfaction of the second accusatory instrument. The court agreed to impose concurrent terms of incarceration of 90 days. Defendant, by counsel, waived prosecution by information as to both dockets. Defendant agreed that he was entering the pleas of his "own free will" and that no one had forced or threatened him to enter into the pleas. The court told defendant that, in both cases, he had a right to a trial, at which he had a right to call witnesses and to have his attorney question the prosecution's witnesses, and that he had "the right to testify or remain silent." Defendant agreed that he wanted to give up those rights. When the court told him that if he was "not a United States citizen, by entering these pleas of [guilty] to these criminal offenses . . . you will suffer potentially in the future," including possible "deportation and removal from this country," defendant indicated that he understood. Defendant still wanted to plead guilty. Defendant then admitted "that on or about May 19, 2014, at approximately 5:30 p.m. at 177 15th Street, Apartment 4," he had entered "that above-mentioned location, which is a dwelling . . . that [he] knowingly entered and remained unlawfully in that apartment," and that he "did not have permission or authority of the owner of . . . that apartment, to be inside that location or that dwelling." With respect to the criminal contempt in the second degree charge, defendant admitted that, on or about September 12, 2014, at approximately 8:45 p.m., he had stood "across the street from [his sister's] place of employment, in violation of the Order of Protection."
The court accepted the pleas and sentenced defendant as promised.
On appeal, defendant argues, with respect to the conviction of criminal contempt in the second degree, that the accusatory instrument "alleged only his presence on a public street across from where the complainant worked," which, without more, did not violate the order of protection. Thus, that accusatory instrument was facially insufficient. The accusatory instrument "failed to include any facts showing that he knew where his sister worked or was otherwise aware of his proximity to her or her workplace." With respect to the conviction of criminal trespass in the second degree, defendant's attorney asserts that there are no nonfrivolous issues that could be raised on appeal.
The People contend that the accusatory instrument upon which defendant's conviction of criminal contempt in the second degree is based was jurisdictionally sufficient. The People agree with counsel that there are no nonfrivolous issues that could be raised on appeal with respect to the conviction of criminal trespass in the second degree.
As defendant's objection to the facial sufficiency of the accusatory instrument raises a jurisdictional issue, it was not forfeited upon his plea of guilty (see People v Keizer, 100 NY2d 114, 121-122 [2003]; People v Spasoff, 52 Misc 3d 134[A], 2016 NY Slip Op 51018[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Since defendant, through his counsel, expressly waived his right to be prosecuted by information as part of the plea agreement, the accusatory instrument's legal sufficiency must be evaluated by the standards which govern misdemeanor complaints (see People v Dumay, 23 NY3d 518, 524 [2014]). A complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Jakubowski, 55 Misc 3d 136[A], 2017 NY Slip Op 50502[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Pursuant to Penal Law § 215.50 (3), a person is guilty of criminal contempt in the second degree when he engages in the conduct of "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court." The essential elements of the crime of criminal contempt in the second degree, as charged herein, are that a lawful order of protection was in effect, that the defendant had knowledge of the order of protection, and that the defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The accusatory instrument must provide "allegations as to how the order was violated" (People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Here, the factual part of the accusatory instrument charging defendant with criminal contempt in the second degree met the reasonable cause requirement for a misdemeanor complaint, as it alleged that defendant's sister had observed defendant standing across the street from the place of her employment, in violation of an order of protection that had been issued by Judge Antignani on May 20, 2014 ordering defendant to stay away from the home, school, and place of business of defendant's sister. The accusatory instrument also alleged that the order contained "what is purported to be defendant's signature upon its face," and was endorsed with the words "defendant present in court" and "defendant advised in court of issuance and contents of order." Contrary to defendant's contention, the allegation that defendant violated the order of protection by going to his sister's place of business gave defendant "sufficient notice of the conduct" upon which the prosecution was based, and more is not required (People v Inserra, 4 NY3d 30, 33 [2004]). Any challenge to the allegations contained in the accusatory instrument "was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that [the accusatory instrument] was jurisdictionally defective" (People v Casey, 95 NY2d 354, 360 [2000]).
With respect to the conviction of criminal trespass in the second degree, we are satisfied with the sufficiency of the brief filed by defendant's assigned counsel pursuant to Anders v California (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for [*3]leave to withdraw as counsel with respect to the appeal from the judgment convicting him of criminal trespass in the second degree, is, therefore, granted (see Anders v California, 386 US at 738; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]).
Accordingly, the judgments of conviction are affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017