<partyblock>

The People of the State of New York,

against

Manuel Romano, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered February 24, 2016, convicting him, upon his plea of guilty, of attempted assault in the third degree, and imposing sentence and (2) a judgment (same court and Judge), rendered February 24, 2016, after a nonjury trial, convicting him of attempted criminal contempt in the second degree, and imposing sentence.

Per Curiam.

Judgments of conviction (Steven M. Statsinger, J.), each rendered February 24, 2016, affirmed.

The verdict convicting defendant of attempted criminal contempt in the second degree (see Penal Law  110.00/215.50[3]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the court's credibility determinations. There was ample evidence of defendant's guilt, including the testimony of the complaining witness that was corroborated by a 911 recording, that defendant knocked on the door to complainant's apartment and requested that she "talk" to him, in violation of a valid order of protection directing defendant to stay away from complainant and/or her home (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]). Defendant's present contention that the People failed to prove that he had knowledge of the contents of the order of protection is unpreserved, and we decline to review this unpreserved claim in the interest of justice. Were we to review his claim, we would find it to be without merit.

We agree with defendant that the trial court failed to engage in a minimal inquiry into his seemingly serious request to substitute counsel (see People v Porto, 16 NY3d 93, 100 [2010]). Nevertheless, the only relief that defendant now requests is dismissal of the accusatory instruments and he expressly requests this Court to affirm his convictions if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter for a new trial on the underlying charges, which include attempted second-degree criminal contempt, attempted third-degree assault and attempted child endangerment (see People v Allen, [*2]39 NY2d 916, 918 [1976]), dismissal is not warranted and therefore we affirm.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: January 16, 2018

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>