The People of the State of New York, Respondent, 
against
Gerard Corsini, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Neil E. Ross, J.), rendered May 19, 2014, after a nonjury trial, convicting him of stalking in the fourth degree (two counts), harassment in the second degree and attempted criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Neil E. Ross, J.), rendered May 19, 2014, affirmed.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict convicting defendant of fourth-degree stalking (two counts) (see Penal Law § 120.45[1],[3]), second-degree harassment (see Penal Law § 240.26[1]) and attempted criminal contempt in the second degree (see Penal Law §§ 110.00/215.50[3]) was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determinations concerning credibility. 
There was ample evidence that defendant engaged in a course of conduct over a period of several months toward complainant, including repeatedly appearing at and lingering around her home, looking in her window, calling her names and ignoring multiple requests to stop; blocking and photographing the complainant and her children as they left their home for school; ignoring warnings by the police to stay away from the complainant; approaching the complainant and her children on the street while tapping the head of a golf club against his palm and staring at them in a threatening manner; and continuing to photograph complainant, her home, and individuals coming and going from it, after the issuance of an order of protection directing that defendant refrain from stalking or harassing the complainant. The court could rationally infer that defendant's conduct was likely to cause reasonable fear to the physical health and safety of complainant and her family and was for no legitimate purpose (see People v Stuart, 100 NY2d 412, 428 [2003]); that it was intended to harass, annoy or alarm (see People v Hurd, 162 AD3d 551 [2018]); and that defendant violated a valid order of protection (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]).
The prosecutor's information was not jurisdictionally defective (see People v Inserra, 4 NY3d 30 [2004]). Defendant's commission of the charged offenses was adequately pleaded in the underlying complaints and supporting deposition that described in detail the nature, content and volume of the defendant's confrontations with the complainant and his violation of a valid order of protection. 
Defendant's contention that he was deprived of a fair trial by reason of bias and misconduct by the trial Judge is wholly without merit or justification. Indeed, our review of the voluminous record reveals that the Judge exercised commendable patience and impartiality in the conduct of this protracted case, and provided defendant ample opportunity to present a defense and cross-examine witnesses. To the extent that the court's conduct could in any remote way be perceived as harsh, this was the direct result of the obstreperous, disrespectful and offensive conduct exhibited throughout the trial by defendant, an attorney who represented himself.
Defendant's remaining arguments, to the extent preserved for appellate review, have been considered and found to be unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 01, 2018