The People of the State of New York, Respondent,
against
Adekunle A. Onatolu, Defendant-Appellant.



In consolidated criminal actions, defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered February 5, 2014, after a jury trial, convicting him of aggravated harassment in the second degree and criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered February 5, 2014, affirmed.
The prosecutor's information was not jurisdictionally defective (see People v Inserra, 4 NY3d 30 [2004]). With respect to the aggravated harassment charge (see former Penal Law § 240.30[1][a]), defendant's intent to harass, annoy, threaten and alarm can reasonably be inferred from allegations in the original information that he sent a Facebook message to complainant stating "[s]ometimes I feel like raping you" (see People v Hatton, 26 NY3d 364, 370 [2015]; People v Spindell, 21 Misc 3d 145[A], 2008 NY Slip Op 52548[U] [App Term, 1st Dept 2008], lv denied 12 NY3d 822 [2009]). The second-degree criminal contempt charge (see Penal Law § 215.50[3]) was supported by allegations in a second information that defendant made phone calls, left a voice mail and sent numerous text messages to a separate complainant in violation of a valid order of protection directing him to refrain from communicating with said complainant (see People v Inserra, 4 NY3d at 33; People v Hillard, 59 Misc 3d 144[A], 2018 NY Slip Op 50721[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1149 [2018]).
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was ample evidence [*2]of defendant's guilt, including the testimony of the two complaining witnesses, a printout of the first complainant's (defendant's pastor) Facebook page which contained defendant's rape message, with his name and his picture, as well as pictures of the second complainant's phone and a copy of the order of protection which was signed by the defendant, all of which established defendant's guilt of aggravated harassment in the second degree (see People v Spindell, 21 Misc 3d at 145[A]) as well as criminal contempt in the second degree (see People v Delvecchio, 106 AD3d 624 [2013], lv denied 22 NY3d 955 [2013]).
Defendant's constitutional argument, asserted for the first time on appeal, regarding an alleged violation of his right to a fair trial, is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]; People v Jones, 110 AD3d 493 [2013], lv denied 24 NY3d 962 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The complainant, who had known defendant for over one year, testified that she recognized defendant's voice on the voice mail message left for her (see People v Perez, 106 AD3d 425 [2013], lv denied 22 NY3d 998 [2013]) and it was not required that she be qualified as an expert in order to identify defendant's voice (see People v Gouveia, 88 AD3d 814, 815 [2011], lv denied 18 NY3d 957 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 30, 2018