The People of the State of New York, Respondent,
against
Michael Kunizaki, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J.), rendered May 9, 2018, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Angela J. Badamo, J.), rendered May 9, 2018, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the pleading standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument charging defendant with criminal contempt in the second degree (see Penal Law § 215.50[3]) was jurisdictionally valid. The instrument alleges that defendant sent "at least thirty text messages" to complainant Hillary Corrigan, and that he thereby intentionally disobeyed a "valid order of protection" of which he had actual knowledge, that directed him to refrain from communicating with or contacting complainant by telephone, email or other electronic means (see People v Udeke, __ NY3d __, 2019 NY Slip Op 09057 [2019]; People v Inserra, 4 NY3d 30, 33 [2004]).
Defendant's present challenge to the validity of the underlying order of protection was forfeited by his guilty plea (see People v Konieczny, 2 NY3d 569, 574-576 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). "Unlike a challenge to the sufficiency of an accusatory instrument, a challenge to the validity of an underlying order of protection does not assert a nonwaivable jurisdictional defect" (People v Ellison, 106 AD3d 419, 420 [2013], lv denied 21 NY3d 1004 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 14, 2020