The People of the State of New York, Respondent,
against
Willie Brown, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Mary V. Rosado, J.), rendered January 5, 2016, convicting him, upon his plea of guilty, of attempted criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Mary V. Rosado, J.), rendered January 5, 2016, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal contempt in the second degree (see Penal Law § 215.50[3]). The instrument alleges that on November 19, 2015, at about 2:00 p.m., defendant went to a certain specific residence of the complainant Lacon Brown with a knife in his hand, in violation of a valid order ofprotection issued that same day, in defendant's presence, specifically directing defendant to "stay away" from the complainant and his home (see People v Udeke, 34 NY3d 1118 [2019]; People v Inserra, 4 NY3d 30, 33 [2004]). Where, as here, the defendant has waived prosecution by information and therefore has assented to the more lenient reasonable cause standard (see People v Dumay, 23 NY3d 518, 522 [2014]; Matter of Jahron S., 79 NY2d 632, 640 [1992]; see also People v Thiam, 34 NY3d 1040, 1044, [2019, DiFiore, Ch. J., concurring]), these factual allegations are sufficient to particularize the crime charged and protect against a constitutional double jeopardy violation (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419 [2013], lv denied 21 NY3d 1004 [2013]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 17, 2020