People v Smith (2020 NY Slip Op 51151(U))

[*1]

People v Smith (Dillon)

2020 NY Slip Op 51151(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

&em;

The People of the State of New York,
Respondent, 
against
Dillon Smith, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Anne J. Swern, J.), rendered February 15, 2019, convicting him, upon his plea of
guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered February 15, 2019, affirmed.
By pleading guilty to the charge of criminal contempt in the second degree, defendant
forfeited his argument that the order of protection underlying that charge was invalid (see
People v Konieczny, 2 NY3d 569, 574-576 [2004]; see also People v Casey, 95
NY2d 354, 360 [2000]). "Unlike a challenge to the sufficiency of an accusatory instrument, a
challenge to the validity of an underlying order of protection does not assert a nonwaivable
jurisdictional defect" (People v
Ellison, 106 AD3d 419, 420 [2013], lv denied 21 NY3d 1004 [2013]).
Undoubtedly, defendant could have challenged the validity of the order of protection - an
element of the criminal contempt charge - rather than plead guilty. Indeed, prior to pleading
guilty on February 15, 2019, defense counsel orally raised the issue of the validity of the order of
protection in Criminal Court. When the Court indicated that it was not prepared to rule on the
issue without affording the People "a short amount of time to answer ... within a week,"
defendant opted, instead, to plead guilty. By pleading guilty and waiving prosecution by
information, defendant signaled an end to any challenge to the information's factual sufficiency
and conceded every element of the offense, including the lawfulness of the order of protection
(see People v Konieczny, 2 NY3d at 577). If a defendant can later appeal a knowing and
voluntary plea "by resuming the same sufficiency argument the defendant had forsaken in the
trial court, it would undermine the finality of the conviction" (People v Dumay, 23 NY3d 518, 524 [2014]). "The unintended
result could be prosecutors who are no longer willing to broker plea bargains in misdemeanor
cases for fear of endless litigation over the accusatory instrument" (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 2, 2020