People v Rivera (2020 NY Slip Op 51158(U))

[*1]

People v Rivera (Juan)

2020 NY Slip Op 51158(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570597/14

The People of the State of New York,
Respondent,
against
Juan Rivera, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered June 5, 2014, convicting him, upon a plea of
guilty, of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered June 5, 2014, affirmed. 
The information charging criminal contempt in the second degree (see Penal Law
§ 215.50[3]) was jurisdictionally valid because it contained nonconclusory factual
allegations that, if assumed to be true, addressed each element of the crime charged, thereby
affording reasonable cause to believe that defendant committed that offense (see CPL
100.15[3]; 100.40[1]; People v Middleton, 35 NY3d 952, 954 [2020]). In pertinent part,
the instrument alleged that defendant "use[d] his hands and feet to bang and kick [Dorali
Deaza's] apartment door," and that he thereby intentionally disobeyed a valid order of protection
that directed him to refrain from, inter alia, intimidating, threatening, menacing or committing
any other criminal offense against Ms. Deaza. The information stated the precise date, time and
location of the offense, and also established that, only three days earlier, defendant was present at
the issuance of the order of protection and signed it. These allegations gave defendant sufficient
notice to prepare a defense and had detail adequate to prevent him from being tried twice for the
same offense (see People v Kaplan,
125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419
[2013], lv denied 21 NY3d 1004 [2013]).
Contrary to defendant's present contention, a fair implication of the factual allegations
provided reasonable cause to believe and made a prima facie showing for pleading purposes that
defendant wilfully violated the terms of the order of protection by banging and kicking Deaza's
apartment door, conduct that could reasonably be inferred as intimidating, threatening and
menacing the victim (see People v
Creech, 165 AD3d 1491 [2018]; People v Cortese, 79 AD3d 1281, 1283 [2010], lv denied 16
NY3d 857 [2011]; Matter of Julie A.C.
v Michael F.C., 15 AD3d 1007 [2005]; see also People v Udeke, 34 NY3d 1118 [2019]). Defendant's
contention that his conduct was not in violation of the order of protection, but merely an attempt
to gain [*2]access to the apartment, "was a matter to be raised as
a defense to the contempt charge, not by insistence that this information was jurisdictionally
defective" (People v Konieczny, 2
NY3d 569, 577 [2004] [internal quotation marks and alterations omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020