People v Mazyck (2021 NY Slip Op 50137(U))

[*1]

People v Mazyck (Romaine)

2021 NY Slip Op 50137(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

570016/17

The People of the State of New York,
Respondent,
against
Romaine Mazyck, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J.), rendered December 12, 2016, convicting him, upon a plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered December 12, 2016, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument was jurisdictionally valid
because it described facts of an evidentiary nature establishing reasonable cause to believe that
defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument
recited that a few minutes after complainant accidently left her laptop in a particular room at a
specified location, video surveillance showed defendant, an employee at the location, entering
and exiting that then-unoccupied room, and then entering the employee locker room with "an
outline of a laptop . . . clearly visible under his shirt." Contrary to defendant's present contention,
these allegations and the reasonable inferences to be drawn from them were sufficient for
pleading purposes to establish that defendant "exercised dominion and control over the property
for a period of time, however temporary, in a manner wholly inconsistent with the owner's
continued rights," thereby satisfying the "taking" element of the offense (People v Jennings,
69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d
448 [2017], lv denied 29 NY3d 1093 [2017]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 19, 2021