People v Knowings (2021 NY Slip Op 50138(U))

[*1]

People v Knowings (Herman)

2021 NY Slip Op 50138(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

570270/17

The People of the State of New York,
Respondent,
against
Herman Knowings, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Kate Paek, J.), rendered March 23, 2017, after a nonjury trial, convicting him of
two counts of attempted aggravated harassment in the second degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered March 23, 2017, affirmed.
The prosecutor's information was jurisdictionally valid because the information it superseded
contained factual allegations establishing every element of the aggravated harassment offenses
charged (see Penal Law § 240.30) and the defendant's commission thereof (see
People v Inserra, 4 NY3d 30, 32 [2004]). The information recited that complainant and
defendant were both employed at an organization known as Project Renewal at a time when
another employee of the organization was sexually assaulted and killed in an incident that was
"in the news, and widely known among employees." The information further recited that
approximately two months after the murder, when defendant "no longer worked" for Project
Renewal, he telephoned complainant, the person "responsible for staffing employees," and stated
"I do not like the way you let me go. Another Project Renewal employee is going to be in the
news. You bitch." 
Giving these allegations "a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable
pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that they were sufficient to support a
finding that defendant made a "genuine threat[] of physical harm" (People v Dietze, 75
NY2d 47, 54 [1989]), which is outside the purview of First Amendment protections (75NY2d at
52-54), and placed complainant in reasonable fear of harmful physical contact (see People v Thomas, 58 AD3d
445 [2009], lv denied 12 NY3d 788 [2009]). 
The verdict was supported by legally sufficient evidence and was not against the weight of
the evidence (see People v
Danielson, 9 NY3d 342, 348-9 [2007]). There is no basis for [*2]disturbing the Court's credibility determinations, including its
rejection of defendant's testimony.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 19, 2021