People v Lopez (2021 NY Slip Op 50928(U))

[*1]

People v Lopez (Elton)

2021 NY Slip Op 50928(U) [73 Misc 3d 129(A)]

Decided on October 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570837/15

The People of the State of New York,
Respondent,
against
Elton Lopez, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the Criminal
Court of the City of New York, Bronx County (Julio Rodriguez III, J. at plea and sentencing;
William McGuire J. at resentencing), rendered June 17, 2015, convicting him, upon his plea of
guilty, of two counts of assault in the third degree and one count of criminal contempt in the
second degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Julio Rodriguez III, J. at plea and sentencing; William McGuire J.
at resentencing), rendered June 17, 2015, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instruments in these domestic violence cases only had to satisfy the reasonable cause
requirement (see People v Dumay,
23 NY3d 518, 522 [2014]). So viewed, the accusatory instruments were jurisdictionally
valid because they described facts of an evidentiary nature establishing reasonable cause to
believe that defendant was guilty of the offenses to which he pleaded guilty. With respect to the
third-degree assault charges (see Penal Law § 120.00), the instrument under docket
number 2014BX025102 recited that defendant grabbed the victim by the arms and neck,
repeatedly pushed her to the floor and into the bathtub, and placed his hands around her neck,
causing her to have difficulty breathing and "pain soreness to her neck and arms" and "substantial
pain." The instrument under docket number 2014BX032225 alleged, inter alia, that defendant
placed his hands around the victim's neck, causing her to fall to the ground, then got on top of her
and applied pressure to her neck with his forearm, causing her to experience difficulty breathing
and almost lose consciousness. Defendant then grabbed the victim by the hair, dragged her across
the floor and struck her repeatedly about the face and body with a closed fist, causing "lacerations
to her face and neck" and "substantial pain to her neck, head and body." Based upon these
allegations, one may reasonably infer that on both occasions, the victim suffered a "physical
injury,"i.e. "substantial pain" (Penal Law § 10.00[9]; see People v Henderson, 92
NY2d 677, 680 [1999]; People v
Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]), a term which
simply means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]).
With respect to the criminal contempt charge under docket number 2014BX032225, the
instrument alleges that on June 13, 2014, defendant went to a certain specific residence of the
victim in violation of a valid order of protection issued on May 11, 2014, specifically directing
defendant to "stay away" from the complainant and her home. Contrary to defendant's present
contention, his knowledge that the order of protection was in effect can be inferred from
allegations that "defendant was present in court when said order was issued" (see People v Inserra, 4 NY3d 30
[2004]; People v Brown, 67 Misc 3d
131[A], 2020 NY Slip Op 50438[U] [App Term, 1st Dept 2020], lv denied 35 NY3d
1064 [2020]; see also People v Aveni, 100 AD3d 228, 241 [2012], appeal
dismissed 22 NY3d 1114 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 1, 2021