People v Ferrer (2022 NY Slip Op 50007(U))

[*1]

People v Ferrer (Angel)

2022 NY Slip Op 50007(U) [73 Misc 3d 148(A)]

Decided on January 10, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 10, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570925/15

The People of the State of New York,
Respondent,
against
Angel Ferrer, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered November 12, 2014, convicting him, upon a
plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered November 12, 2014,
affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the
facial sufficiency of the accusatory instrument must be assessed under the standard required of a
misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid, since the factual allegations established reasonable cause to believe that
defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument
recited that defendant removed complainant's (his grandmother's) bank card from her purse,
made an unauthorized transaction in the amount of $65.00 with the card and that defendant
admitted to the arresting officer that he used his grandmother's bank card to make the transaction
(see People v Riley, 55 Misc 3d
144[A], 2017 NY Slip Op 50644[U] [App Term, 1st Dept 2017], lv denied 30 NY3d
952 [2017]; see also People v
Mazyck, 70 Misc 3d 141[A], 2021 NY Slip Op 50137[U][App Term, 1st Dept 2021],
lv denied 36 NY3d 1121 [2021]). These allegations and the reasonable inferences to be
drawn from them were sufficient for pleading purposes to establish that defendant "exercised
dominion and control over the property for a period of time, however temporary, in a manner
wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103,
118 [1986]). Any assertion that defendant had permission to take the card or intended to repay
his grandmother "was a matter to be raised as an evidentiary defense ... not by insistence that this
[instrument] was jurisdictionally defective" (People v Casey, 95 NY2d 354, 360
[2000]).
The record establishes that defendant's guilty plea to petit larceny in exchange for a sentence
of time served was knowing, intelligent and voluntary (see People v Conceicao, 26 [*2]NY3d 375 [2015]). At the plea proceeding, defendant stated that he
was pleading guilty freely and voluntarily, waived specific constitutional rights, including his
right to a jury trial, to question witnesses against him and to remain silent, and admitted his guilt
to taking and using his grandmother's bank card without her permission or authority. Contrary to
defendant's present contention, a plea of guilty will be sustained in the absence of a full factual
allocution where, as here, defendant understood the charges and made an intelligent decision to
enter a plea (see People v Goldstein,
12 NY3d 295, 300-301 [2009]; People v Seeber, 4 NY3d 780 [2005]). In any event, the only relief
defendant requests is dismissal of the accusatory instrument rather than vacatur of the plea, and
he expressly requests that this Court to affirm the conviction if it does not grant a dismissal.
Because we do not find that dismissal would be appropriate, we affirm on this basis as well (see
People v Teron, 139 AD3d 450
[2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 10, 2022