People v Ferrer (2022 NY Slip Op 50391(U))

[*1]

People v Ferrer (Angel)

2022 NY Slip Op 50391(U) [75 Misc 3d 129(A)]

Decided on May 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

571151/15

The People of the State of New York,
Respondent,
against
Angel Ferrer, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Abena Darkeh, J. at plea, Steven M. Statsinger, J. at sentencing), rendered
September 10, 2015, convicting him, upon his plea of guilty, of criminal contempt in the second
degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Abena Darkeh, J. at plea, Steven M. Statsinger, J. at sentencing),
rendered September 10, 2015, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed
under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the instrument was jurisdictionally valid because it described
facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of criminal contempt in the second degree (see Penal Law § 215.50[3]). The
instrument alleges that on November 12, 2014, defendant signed a five-year order of protection
"in court" that directed him to "stay away" from Emilia Ribot. The instrument further alleges that
on three subsequent dates - May 14, 2015, May 21, 2015 and June 3, 2015 - defendant
intentionally disobeyed the order when he went to Ribot's apartment and "banged on her door for
five minutes" while "cursing and screaming to be let inside" (see People v Salazar, 290
AD2d 256 [2002], lv denied 97 NY2d 760 [2002]). These factual allegations are
sufficient to particularize the crime charged and protect against a constitutional double jeopardy
violation (see People v Kaplan, 125
AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419
[2013], lv denied 21 NY3d 1004 [2013]). Any further challenges to the validity of the
order of protection were "matter[s] to be raised as a defense to the contempt charge, not by
insistence that this [accusatory instrument] was jurisdictionally defective" (People v Konieczny, 2 NY3d 569,
577 [2004][internal quotation marks and alterations omitted]). 
Our previous affirmance of the conviction that resulted in the issuance of the order of
protection (see People v Ferrer, 73
Misc 3d 148[A], 2022 NY Slip Op 50007[U] [App Term, 1st [*2]Dept 2022], lv denied 38NY3d950[2022]), renders
defendant's remaining argument academic.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 12, 2022