People v Souss (2023 NY Slip Op 50136(U))

[*1]

People v Souss (Aziz)

2023 NY Slip Op 50136(U)

Decided on February 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570981/18

The People of the State of New York, Respondent,
against
Aziz Souss, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Josh E. Hanshaft, J.), rendered September 20, 2018, after a nonjury trial, convicting him of attempted aggravated harassment in the second degree and attempted criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Josh E. Hanshaft, J.), rendered September 20, 2018, affirmed.
The prosecutor's information was jurisdictionally valid because the information it superseded contained factual allegations establishing every element of the aggravated harassment offense charged (see Penal Law § 240.30) and the defendant's commission thereof (see People v Inserra, 4 NY3d 30, 32 [2004]). The information recited that from January 21, 2017 through January 25, 2017, defendant repeatedly called the complainant, the superintendent of defendant's building, late at night, despite the complainant telling defendant during the first conversation, placed at 9:11 p.m. on January 21, 2017, "I don't know what the problem is, please stop contacting me." The information further specified that on January 23, 2017, complainant received a call at 12:18 p.m. in which defendant stated "I'm going to fuck you up and kill you," and that on January 25, 2017, at 10:20 p.m., defendant left a voicemail stating "I'm going to harass you starting Monday, I'm going to call the FBI, you're going to Rikers."
Giving these allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), they were sufficient to support a finding that defendant made the calls with the intent to threaten or harass the complainant and with "no purpose of legitimate communication" (Penal Law § 240.30[2]; see People v Shack, 86 NY2d 529, 538 [1995]; People v Lewis, 52 Misc 3d 134[A], 2016 NY Slip Op 51025[U][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016], lv denied 28 NY3d 1029 [2016]). For pleading purposes, the lack of legitimate purposes in making the calls can be inferred from the context, timing and [*2]number of calls, their content, and that the calls continued after a demand that they cease (see People v Doherty, 173 AD3d 592, 593 [2019], lv denied 34 NY3d 930 [2019]; People v Dixon, 44 Misc 3d 1216[A], 2014 NY Slip Op 51138[U] [Crim Ct NY County 2014]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-9 [2007]). There is no basis for disturbing the court's credibility determinations. Although defendant claims that he had a legitimate purpose to place calls to complainant regarding conditions in his apartment, the evidence was clear that the manner and substance of the January 25th call, made after complainant directed defendant to stop, was not to report a grievance but to harass and threaten complainant — "You will see, I know how to harass you, I'm going to harass you, no one knows what I'm going to do ... Monday I will start" (see People v Shack, 86 NY2d at 536-537).
The court providently exercised its discretion in precluding defendant from questioning the building owner regarding his 37-year-old convictions, which were not only remote in time but of minimal probative value with respect to the charges of which defendant was convicted. To the extent that defendant is raising constitutional claims with respect to the court's ruling, such claims are unpreserved and we decline to review them in the interest of justice. In any event, any alleged error was harmless in the context of this bench trial and given the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 27, 2023