People v Phillips (2023 NY Slip Op 50191(U))

[*1]

People v Phillips (Anthony)

2023 NY Slip Op 50191(U)

Decided on March 15, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570847/15

The People of the State of New York, Respondent, 
against
Anthony Phillips, Defendant-Appellant.

In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Raja Rajeswari, J.), rendered July 7, 2015, convicting him, upon his pleas of guilty, of criminal contempt in the second degree and assault in the third degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Raja Rajeswari, J.), rendered July 7, 2015, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument under docket number 2015NY029507 was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal contempt in the second degree (see Penal Law § 215.50[3]). The instrument alleges that defendant, while housed in the Manhattan Detention Center, telephoned Gianma Brito-Baez three times in late April 2015, including once at 2:04 p.m. on April 24, 2015, and that he thereby intentionally disobeyed a valid order of protection that directed him to refrain from communicating with or contacting Brito-Baez by telephone. The instrument further alleges that defendant was present in court at the April 9, 2015 issuance of the order of protection and signed it. These allegations gave defendant sufficient notice to prepare a defense and had detail adequate to prevent him from being tried twice for the same offense (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419 [2013], lv denied 21 NY3d 1004 [2013]).
Since the accusatory instrument was jurisdictionally valid with respect to the contempt [*2]charge to which defendant pleaded guilty, i.e. that related to the 2:04 p.m., April 24, 2015 telephone call, defendant is not aggrieved by any alleged defects in the other charged offenses (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
In view of our affirmance, defendant's contention that his third-degree assault conviction under docket number 2015NY021594 should be vacated pursuant to People v Fuggazzatto, 62 NY2d 862, 863 (1984), is academic. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 15, 2023