People v Hernandez (2024 NY Slip Op 50014(U))

[*1]

People v Hernandez (Benjamin)

2024 NY Slip Op 50014(U)

Decided on January 11, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570555/17

The People of the State of New York, Respondent, 
against
Benjamin Hernandez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (David Frey, J.), rendered June 26, 2017, convicting him, upon a plea of guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (David Frey, J.), rendered June 26, 2017, affirmed.
Since defendant waived prosecution by information, the facial sufficiency of the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal contempt in the second degree (see Penal Law § 215.50[3]). The arresting officer alleged that on May 7, 2012, defendant was "in court" and signed a five-year order of protection that directed him to have "no contact with Elizabeth Torres in any form whatsoever." The officer further alleged that defendant intentionally disobeyed the order on two occasions, first on February 17, 2017 at 5:15 p.m., when he "slap[ped] [Torres] with an open hand" inside of her apartment, located at a specified address in Manhattan, and again on May 4, 2017 at 8:07 a.m., when he was inside the apartment. These factual allegations gave defendant sufficient notice to prepare a defense and had detail adequate to prevent him from being tried twice for the same offense (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419 [2013], lv denied 21 NY3d 1004 [2013]). Contrary to defendant's present contention, the instrument sufficiently alleged that the deponent police officer's knowledge of the order of protection and defendant's signature thereon was based upon information conveyed to him by Torres (see generally People v Figueroa, 165 AD3d 509 [2018], lv denied 32 NY3d 1171 [2019]). Defendant's guilty plea waived any hearsay defect in the instrument (see People v Keizer, 100 NY2d 114, 121-122 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 11, 2024