People v Torrence (2021 NY Slip Op 50045(U))

[*1]

People v Torrence (Phillip)

2021 NY Slip Op 50045(U) [70 Misc 3d 136(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570574/19

The People of the State of New York,
Respondent, 
against
Phillip Torrence, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Marisol Martinez Alonso, J.), rendered December 18, 2018, convicting him, upon
a plea of guilty, of criminal trespass in the third degree, and imposing sentence

Per Curiam.
Judgment of conviction (Marisol Martinez Alonso, J.), rendered December 18, 2018,
affirmed.
Defendant was charged in an accusatory instrument with burglary in the third degree
(see Penal Law § 140.20), a felony, and two misdemeanor offenses. Pursuant to a
plea agreement, the felony charge was dismissed and defendant pleaded guilty to one of the
charged misdemeanors, criminal trespass in the third degree (see Penal Law §
140.10[a]). On appeal, defendant challenges the facial sufficiency of the trespass charge to which
he pleaded guilty. However, the only relief defendant requests is dismissal of the accusatory
instrument rather than vacatur of the plea, and he expressly requests that this Court affirm the
conviction if it does not grant a dismissal.
Even were we to accept defendant's contention that the trespass charge to which he pleaded
guilty was jurisdictionally defective, we find that his specific request for dismissal would not be
an appropriate remedy. In view of the serious nature of the other charges contained in the
accusatory instrument and defendant's extensive criminal history, a penological purpose would be
served by remanding the matter for further proceedings (see People v Conceicao, 26
NY3d 375, 385 n [2015]). We therefore affirm the judgment of conviction without reviewing
defendant's challenge, as the ultimate outcome of this appeal would, in any event, be an
affirmance (see People v Teron, 139
AD3d 450 [2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021