People v Wilkins (2021 NY Slip Op 50890(U))

[*1]

People v Wilkins (Rhoda)

2021 NY Slip Op 50890(U) [73 Misc 3d 128(A)]

Decided on September 21, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 21, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Brigantti, Hagler, JJ.

570048/19

The People of the State of New 
 York, Respondent,  
against
Rhoda Wilkins, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Laurie Peterson, J.), rendered December 12, 2018, convicting her, upon her plea of
guilty, of unlawfully dealing with a child, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered December 12, 2018, affirmed.
Defendant was charged in an accusatory instrument with, inter alia, three felony weapon and
drug charges, and one misdemeanor. Pursuant to a plea agreement, the felony charges were
dismissed and defendant pleaded guilty to the charged misdemeanor offense of unlawfully
dealing with a child in the first degree (see Penal Law 260.20[1]), in exchange for a
sentence of conditional discharge. On appeal, defendant challenges the facial sufficiency of the
charge to which she pleaded, as well as the knowing and voluntary nature of her guilty plea.
Significantly, however, the only relief defendant requests is dismissal of the entire accusatory
instrument in the interest of justice, rather than a remand on the remaining charges, and she
expressly requests that this Court affirm her conviction if it does not grant dismissal.
Even were we to accept defendant's appellate contentions, we find that her specific request
for dismissal of the entire accusatory instrument in the interest of justice would not be an
appropriate remedy. In view of the serious nature of the felony charges contained in the
accusatory instrument, a penological purpose would be served by remanding the matter for
further proceedings on those charges (see People v Conceicao, 26 NY3d 375, 385 n [2015]). We therefore
affirm the judgment of conviction without reviewing defendant's challenge, since the ultimate
outcome of this appeal would, in any event, be an affirmance (see People v Teron, 139 AD3d 450
[2016]; People v Torrence, 70 Misc
3d 136[A], 2021 NY Slip Op 50045[U] [App Term, 1st Dept 2021], lv denied 37
NY3d 961 [2021]).
"There is a legitimate concern that defendants charged in multi-count local court
accusatory instruments should not be able to thwart the system by obtaining a swift and favorable
plea agreement, only to belatedly raise a 'jurisdictional' challenge on direct appeal to the
sufficiency of the factual allegations of one count in the instrument in order to seek a dismissal
by the intermediate appellate court of the whole instrument in the interest of justice . . . To avoid
such gamesmanship, the proper corrective remedy, plainly [*2]afforded by CPL 470.55, is a remittal to the trial court for further
proceedings on the accusatory instrument" (People v Thiam, 34 NY3d 1040, 1050 [2019], DiFiore, Ch. J.
concurring]).
In any event, we reject defendant's claims on the merits. The
accusatory instrument, evaluated under the standard that governs a complaint (see People v Dumay, 23 NY3d
518, 524 [2014]), contained facts establishing reasonable cause to believe that defendant was
guilty of unlawfully dealing with a child in the first degree. Our review of the record also
satisfies us that her guilty plea was entered knowingly, voluntarily and intelligently.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2021