People v McPherson (2022 NY Slip Op 51043(U))

[*1]

People v McPherson (Pierre)

2022 NY Slip Op 51043(U) [76 Misc 3d 139(A)]

Decided on October 26, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 26, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570328/19

The People of the State of New
York, Respondent, 
against
Pierre McPherson,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Tara A. Collins, J.), rendered May 7, 2019, convicting him, upon a plea
of guilty, of criminal possession of a weapon in the fourth degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered May 7, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because
it described facts of an evidentiary nature establishing reasonable cause to believe that
defendant was guilty of criminal possession of a weapon in the fourth degree (see
Penal Law § 265.01[1]). The instrument recited that defendant was standing on the
second floor landing of a specified apartment building when one shot was fired from a
firearm; that defendant was seen fleeing into his second floor apartment; that a .38
caliber bullet was recovered from the wall opposite defendant's apartment; that in
executing a search warrant for the apartment issued that same day, a .38 caliber revolver
was recovered from inside the back of a large portable speaker inside the apartment; and
that the revolver was loaded with two (2) live rounds. Contrary to defendant's present
contentions, these allegations and the reasonable inferences to be drawn from them were
sufficient for pleading purposes to establish that defendant was in constructive
possession of the firearm, i.e., that he "exercised dominion and control" over it
(see Penal Law 10.00[8]; see People v Mancini, 79 NY2d 561, 573
[1992]). Furthermore, a witness's statement that he or she heard gunshots provided
circumstantial evidence that the .38 caliber gun - loaded with two live rounds and
matching the caliber of the bullet recovered from the wall opposite defendant's apartment
- was operable (see People v
Samba, 97 AD3d 411, 414 [2012], lv denied 20 NY3d 1065
[2013]).
Alternatively, even were we to accept defendant's contention that the fourth degree
gun possession charge was defective, the only relief defendant requests is dismissal of
the accusatory instrument rather than vacatur of the plea, and he expressly requests that
this Court affirm the conviction if it does not grant a dismissal. In view of the serious
nature of the other charges contained in the felony complaint, a penologicial purpose
would be served by remanding the matter for further proceedings. We therefore affirm
the judgment of conviction, as the ultimate [*2]outcome
of this appeal would, in any event, be an affirmance (see People v Teron, 139 AD3d
450 [2016]; People v
Torrence, 70 Misc 3d 136[A], 2021 NY Slip Op 50045[U][App Term, 1st Dept
2021], lv denied 37 NY3d 961 [2021]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 26, 2022