■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY JAY TERON, Appellant. [29 NYS3d 175]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J., at plea and original sentencing), rendered January 17, 2012, as amended April 12, 2012 (John S. Moore, J., at resentencing), convicting defendant of unlicensed operation of a motor vehicle, and sentencing him to time served, unanimously affirmed.

Initially, we need not address the issue of whether defendant's challenge to his plea has been preserved, as we consider this claim pursuant to our interest of justice jurisdiction (CPL 470.15 [3] [c]).

Defendant was not informed by the court of any of the rights he was waiving by pleading guilty (*see Boykin v Alabama*, 395 US 238 [1969]). While "the failure to recite the *Boykin* rights does not automatically invalidate an otherwise voluntary and intelligent plea . . . the record as a whole [must] affirmatively show[ ] that the defendant intentionally relinquished those rights" in order for the plea to be validly entered (*People v Conceicao*, 26 NY3d 375, 379 [2015]). In this case, since the record is devoid of any indicia that would meet this standard, we find that defendant's *Boykin* rights were violated.

Nevertheless, in cases where "the record fails to establish a knowing and intelligent waiver," dismissal may not be "the appropriate corrective action" (*id.* at 379 and n; *see also People v Allen*, 39 NY2d 916, 918 [1976]). The proper remedy should be either an affirmance of the conviction or a vacatur of the plea and remand for further proceedings.

Defendant has completed his sentence of time served and a fine but has not set forth sufficient grounds to dismiss the accusatory instrument. Additionally, defendant affirmatively states that he does not seek vacatur of his plea and a remand to the trial court.

Accordingly, the judgment of conviction is affirmed. Concur—Sweeny, J.P., Saxe, Richter and Gische, JJ.