The People of the State of New York, Respondent, - 
against
Raul Leonardo Vargas, Defendant-Appellant.



In consolidated appeals, defendant appeals from three judgments of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), each rendered December 26, 2014, convicting him, upon his pleas of guilty, of three counts of petit larceny, and imposing sentence.




Per Curiam.
Judgments of conviction (Harold Adler, J.), each rendered December 26, 2014, reversed, on the law, the pleas vacated, and the matters remanded for further proceedings.
In satisfaction of three separate petit larceny/fifth-degree criminal possession of stolen property prosecutions, defendant pleaded guilty to three unrelated charges of petit larceny in exchange for an aggregate sentence of 15 days in jail. At the plea proceedings, defendant was not informed by the court of any of the constitutional rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]) and the record fails to indicate that he consulted with counsel about the constitutional consequences of his guilty pleas (see People v Conceicao, 26 NY3d 375, 383 [2015]). Accordingly, we find the pleas to be defective.
Although defendant has completed his sentence, we decline his invitations to dismiss the accusatory instruments. It cannot be said that no penological purpose would be served by reinstating the proceedings (see Conceicao at 385 n 1; People v Teron, 139 AD3d 450 [2016]). We also note that People v Peque, 22 NY3d 168 (2013) and CPL 220.50(7) obligate the court to apprise a defendant that if a defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony. Although Peque left unresolved the issue of whether the court is under a duty to inform a defendant of the deportation consequences of a guilty plea to a class A misdemeanor, or as here, three class A misdemeanors (see Peque, 22 NY3d at 197, n 9), it is the better practice to give a Peque warning until the Court of Appeals resolves the issue. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 21, 2017