The People of the State of New York, Respondent, 
against
Timothy Perkins, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ellen M. Coin, J.), rendered June 7, 2015, convicting him, upon a plea of guilty, of criminal possession of marijuana in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Ellen M. Coin, J.), rendered June 7, 2015, reversed, on the law, the plea vacated, the count of the accusatory instrument charging defendant with criminal possession of marijuana in the fifth degree is dismissed, the remaining count of the instrument is reinstated, and the matter is remitted to Criminal Court for further proceedings.
The record fails to support the conclusion that defendant's guilty plea was knowing, intelligent and voluntary, because the court accepted the plea at arraignment without addressing any of the rights defendant was waiving, (see People v Conceicao, 26 NY3d 375, 383—85 [2015].
We also agree with defendant that the count of the accusatory instrument charging criminal possession of marijuana in the fifth degree (see Penal Law § 221.10) was jurisdictionally defective, since it failed to set forth sufficient nonconclusory allegations to support the claim that the marijuana was "open to public view" (see People v Jackson, 18 NY3d 738, 746-748 [2012]). The factual portion of the instrument merely alleges that police "took a large ziplock bag" of marijuana "from the inside of defendant's pants pocket," but contained no allegations that the officer was able to and did see the marijuana prior to taking it from defendant's pocket.
Under the particular circumstances of this case, we find that notwithstanding that defendant served his sentence, a penological purpose would be served by remanding the matter to Criminal Court for further proceedings on the remaining count of the instrument (see People v Conceicao, 26 NY3d at 379 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 05, 2017