The People of the State of New York, Respondent, 
against
Daniel Suarez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Sheryl L. Parker, J.H.O.), rendered April 1, 2016, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Sheryl L. Parker, J.H.O.), rendered April 1, 2016, affirmed.
Defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). At the plea proceeding, which occurred over five months after arraignment, defendant, with counsel by his side, pleaded guilty to the charged offense of aggravated unlicensed operation of a motor vehicle in the third degree; admitted that, on the date and time in question, he was driving a vehicle with knowledge that his license was suspended; stated his understanding of the rights he was waiving by pleading guilty, such as the right to a trial, the right to confront and to cross-examine witnesses, the right to remain silent; and that he "discussed all of this" with his attorney. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d at 1054; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]). Contrary to defendant's present claim, nothing that occurred at a prior proceeding undermined defendant's unqualified allocution to the charged offense (see People v Wasley, 119 AD3d 1216, 1217 [2014], lv denied 24 NY3d 1048 [2014]).
In any event, the only relief that defendant requests is dismissal of the information, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the third degree aggravated unlicensed operation of a motor vehicle charge (see People v Murray, 46 Misc 3d 136[A], 2014 NY Slip Op 51891[U] [App Term, 1st Dept 2014]; see also People v Conceicao 26 NY3d at 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]), dismissal is not warranted and therefore we affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2017