The People of the State of New York, Respondent, 
against
Loy Fairclough, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered August 6, 2015, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered August 6, 2015, affirmed.
Defendant's contention that his plea of guilty was not knowing, voluntary and intelligent is unpreserved for appellate review, since he did not make a postallocution motion to either withdraw his plea or to set aside the judgment of conviction pursuant to CPL 440.10 (see People v Conceicao, 26 NY3d 375, 381—382 [2015]; People v Jackson, 123 AD3d 634 [2014], lv denied 25 NY3d 1202 [2015]), and we decline to review it in the interest of justice. Unlike the situation in People v Tyrell, 22 NY3d 359 (2013), defendant had the opportunity to move to withdraw his plea or otherwise raise the issue, and the alleged deficiency did not rise to the level of a mode of proceedings error (see People v Powell, 134 AD3d 647 [2015], lv denied 27 NY3d 1073 [2016]).
As an alternative holding, we find that the plea was knowing, intelligent and voluntary. At the plea proceeding, defense counsel waived formal allocution and, in response to the court's questioning, defendant personally confirmed that he "had enough time to discuss this plea" with his attorney, and that he understood that he was waiving the right to a trial, the right to be present when witnesses are called against him, to assist in his defense," and to testify on his own behalf. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]).
In any event, the only relief that defendant requests is dismissal of the information, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the second degree aggravated unlicensed operation of a motor vehicle charge (see People v Murray, 46 Misc 3d 136[A], 2014 NY Slip Op 51891[U] [App Term, 1st Dept 2014]; see also People v Conceicao 26 [*2]NY3d at 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]), dismissal is not warranted and therefore we affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2017