People v Polanco (2018 NY Slip Op 04076)





People v Polanco


2018 NY Slip Op 04076


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


662/14  6785B 6785A 6785 33011C/14 6785D

[*1] The People of the State of New York, Respondent,
v
Carlos Polanco, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra Ferlise of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgments, Supreme Court, Bronx County (Jeanette Rodriguez-Morick, J.), rendered March 4, 2016, convicting defendant, upon his pleas of guilty, of assault in the third degree, resisting arrest, theft of services, criminal sale of marihuana in the fourth degree and attempted assault in the third degree, and sentencing him to concurrent terms of 90 days, unanimously affirmed.
The record establishes that defendant's pleas were knowing, intelligent and voluntary. Defendant did not make any statements that cast significant doubt on the voluntariness of the pleas or require further inquiry (see People v Toxey, 86 NY2d 725 [1995]). In any event, the only relief defendant requests is dismissal of all accusatory instruments rather than vacatur of the pleas, and he expressly requests this Court to affirm the convictions if it does not grant a dismissal. Because we do not find that dismissal would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]).
We have considered and rejected defendant's claim that two of the misdemeanor accusatory instruments to which he pleaded guilty were jurisdictionally defective (see generally People v Jackson, 18 NY3d 738 [2012]). The nonpayment element of theft of services was sufficiently charged by way of allegations explaining the procedure for riding a select bus and stating that defendant rode such a bus without being able to produce a payment receipt, which effectively constituted failure to pay. The authorized arrest element of resisting arrest was sufficiently
charged by way of allegations establishing probable cause to arrest defendant for menacing and other offenses arising out of his physically and verbally threatening conduct in a courthouse.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK