The People of the State of New York, Respondent,
against
Nikson Rivera, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Suzanne J. Adams, J.), rendered May 1, 2018, convicting him, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Suzanne J. Adams, J.), rendered May 1, 2018, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 383 [2015]; People v Sougou, 26 NY3d 1052, 1054—1055 [2015]). In full satisfaction of an accusatory instrument charging him with, inter alia, eight counts of criminal possession of a weapon in the fourth degree (see Penal Law § 265.01[1], [2]), defendant pleaded guilty to a single count of fourth-degree criminal possession of a weapon, in exchange for a sentence of time served. At the plea proceeding, defendant, among other things, waived prosecution by information and formal allocution, admitted his guilt, stated that he was pleading guilty freely and voluntarily, and that he understood he was giving up his rights to a trial by jury, to remain silent, to call witnesses and to confront the People's witnesses. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), and nothing in the allocution casts any doubt on the plea's voluntariness. Contrary to defendant's assertion, it cannot be concluded that his plea "was not knowingly and voluntarily entered simply because he did not explicitly relinquish his right to move to suppress evidence" (People v Rosario, 188 AD2d 422, 423 [1992], lv denied 81 NY2d 892 [1993]; see People v Scott, 107 AD3d 1019 [2013]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court for further proceedings on the weapons possession offenses charged therein, dismissal is not warranted and therefore, we affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 21, 2019