The People of the State of New York, Respondent,
against
Gustavo Hernandez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Phyllis Chu, J.), rendered March 15, 2018, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing a sentence of a conditional discharge.




Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered March 15, 2018, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of second-degree harassment (see Penal Law § 240.26[1]), the sole offense to which defendant pleaded guilty. Indeed, defendant does not challenge the facial sufficiency of this charge.
Defendant's challenge to the legal sufficiency of the third-degree assault charge contained in the accusatory instrument is unavailing, since he is not aggrieved by alleged defects in a charge of which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
Defendant's guilty plea was knowing, intelligent and voluntary. At the plea proceeding held fourteen months after arraignment, defendant, represented by counsel, knowingly acknowledged his desire to plead guilty to second-degree harassment; admitted the details of his crime; and acknowledged his understanding of the rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), including the right to a trial, the right to call witnesses, and the right to have his lawyer present a defense (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). The plea court also specifically informed defendant of the precise terms of the conditional discharge, and defendant's claim that the plea was invalid because he was not informed of its length is unavailing (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since dismissal is not warranted, we affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 21, 2019