The People of the State of New York, Respondent, 
against
Darrin McRae, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey Rosenblueth, J.), rendered September 5, 2018, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Jeffrey Rosenblueth, J.), rendered September 5, 2018, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Sougou, 26 NY3d 1052, 1054—1055 [2015]). At the plea proceeding, defendant waived formal allocution, admitted his guilt to the charged controlled substance offense, stated that he had time to discuss his case with counsel, and waived specific constitutional rights, including the right to trial. Contrary to defendant's contention, his plea was not rendered unknowing or involuntary by any failure on the part of the Court to inform him that he had a right to proceed with the suppression hearing that had been scheduled (see People v Scott, 107 AD3d 1019 [2013]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court for further proceedings, dismissal is not warranted and therefore, we affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: October 15, 2019