The People of the State of New York, Respondent,
against
Lovorio Rodriguez a/k/a Miguel Adrade, Defendant-Appellant.




In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered November 6, 2013, convicting him, upon his pleas of guilty, of three counts of sexual abuse in the third degree and three counts of forcible touching, and imposing sentence.




Per Curiam.
Judgments of conviction (Erika M. Edwards, J.), rendered November 6, 2013, affirmed.
As part of a global resolution of two separate criminal prosecutions arising from allegations that defendant, without consent, rubbed his erect penis against the buttocks of several female subway passengers, defendant pleaded guilty to three counts of forcible touching (see Penal Law § 130.52) and three counts of sexual abuse in the third degree (see Penal Law § 130.55), in exchange for concurrent six-month terms of imprisonment on each count. On appeal, defendant alleges that the forcible touching and sexual abuse charges under docket number 2013NY047524 were jurisdictionally defective in failing to allege the lack of consent element. However, the only relief defendant requests is dismissal of both accusatory instruments, and he expressly requests that we affirm the convictions if we do not grant a dismissal. Because we do not find dismissal would be appropriate, we affirm on this basis (see e.g. People v Teron, 139 AD3d 450 [2016]). In any event, we find the jurisdictional claim unavailing. At the pleading stage, the victim's lack of consent can be inferred from the circumstances leading up to and during the subway incident (see Penal Law § 130.05[2][c]; People v Hatton, 26 NY3d 364, 370 [2015]; see generally People v Lopez, 168 AD3d 418 [2019], lv denied 33 NY3d 1033 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 13, 2019