The People of the State of New York, Respondent,
against
Jason Castanon, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Tara A. Collins, J.), rendered August 1, 2018, convicting him, upon his plea of guilty, of driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered August 1, 2018, affirmed. 
Our review of the record indicates that defendant's guilty plea to driving while impaired (Vehicle and Traffic Law § 1192[1]) was entered knowingly, voluntarily and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). At the plea proceeding held eight months after arraignment, counsel indicated that defendant would plead guilty to the lesser charged offense of driving while impaired in exchange for a negotiated sentence consisting of enrollment in the Impaired Driver's Program. In response to questioning from the court, defendant stated that he had ample time to discuss his case with counsel, waived specific constitutional rights, including the right to trial, admitted his guilt to operating a motor vehicle while impaired by alcohol, and acknowledged that he was being sentenced to a conditional discharge requiring him to lead a law-abiding life for one year and to enroll in and complete the Impaired Driver's Program. Defendant also executed a form acknowledging receipt of a written copy of the terms of the conditional discharge and its expiration date (see CPL 410.10[1]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n 1; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 13, 2019