People v Smith (2020 NY Slip Op 50785(U))

[*1]

People v Smith (Neshawn)

2020 NY Slip Op 50785(U) [67 Misc 3d 145(A)]

Decided on July 6, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 6, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

19-152

The People of the State of New 
 York, Respondent,
against
Neshawn Smith, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Phaedra F. Perry, J.), rendered September 4, 2018, convicting her, upon her plea of
guilty, of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Phaedra F. Perry, J.), rendered September 4, 2018, affirmed.
The record establishes that the defendant's guilty plea to second degree harassment, a
violation, in satisfaction of an accusatory instrument whose top count was assault in the third
degree, was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375
[2015]). At the plea proceeding, which occurred four months after arraignment, defendant stated
that she had ample time to discuss her case with counsel, waived specific constitutional rights,
including her rights to a trial, to remain silent and to cross-examine adverse witnesses, and
acknowledged that she would be sentenced to 10 days' incarceration that would run concurrently
with parole time owed on her unrelated felony case. Contrary to defendant's present contention, a
plea of guilty will be sustained in the absence of a full factual allocution where, as here,
defendant, no novice to the criminal justice system, understood the charges and made an
intelligent decision to enter a plea (see People v Goldstein, 12 NY3d 295, 300-301
[2009]; People v Seeber, 4 NY3d 780 [2005]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and she expressly requests this Court to affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see e.g.
People v Teron, 139 AD3d 450 [2016]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: July 6, 2020