People v Rangel (2021 NY Slip Op 50202(U))

[*1]

People v Rangel (Michelle)

2021 NY Slip Op 50202(U) [70 Misc 3d 144(A)]

Decided on March 12, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570012/17

The People of the State of New York,
Respondent, 
against
Michelle Rangel, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered December 8, 2016, convicting her, upon her plea of
guilty, of driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered December 8, 2016, affirmed.
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and
voluntary. Defendant pleaded guilty to driving while ability impaired by alcohol (see
Vehicle and Traffic Law [VTL] § 1192[1]), a traffic infraction, in exchange for a sentence
of a 90-day licence suspension, a conditional discharge and fine. The plea occurred more than
one year after defendant had been arrested and charged, and she had counsel on the case, who
had successfully moved for a speedy trial dismissal of the more serious charges, including
aggravated driving while intoxicated (see VTL § 1192[2-a]), a misdemeanor
carrying a maximum sentence of one year in jail (see VTL § 1193[1][b]). Upon
questioning by the Court, defendant admitted to driving while her ability to do so was impaired
by the use of alcohol, confirmed that she was pleading guilty voluntarily and that she understood
she was giving up her right to trial, the right to remain silent and the right to have the prosecutor
prove her guilt beyond a reasonable doubt. Thus, the record as a whole establishes defendant's
understanding and waiver of her constitutional rights, despite the absence of a full enumeration
of all the rights waived (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Simmons, 138 AD3d 520
[2016], lv denied 27 NY3d 1139 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and she expressly requests this Court to affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see e.g.
People v Teron, 139 AD3d 450 [2016]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 12, 2021