People v Niemczynski (2021 NY Slip Op 50893(U))

[*1]

People v Niemczynski (Eugene)

2021 NY Slip Op 50893(U) [73 Misc 3d 128(A)]

Decided on September 21, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 21, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570578/19

The People of the State of New York,
Respondent, 
against
Eugene Niemczynski,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Michael J. Gaffey, J.), rendered April 25, 2019, convicting him, upon his plea of
guilty, of criminal mischief in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael J. Gaffey, J.) rendered April 25, 2019, affirmed.
The record as a whole established that the plea was knowing, intelligent and voluntary.
Defendant waived formal allocution, admitted his guilt to the charged offense, stated that he had
time to discuss his case with counsel, and waived specific constitutional rights, including his
rights to trial, to call witnesses and to confront the People's witnesses (People v
Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). The
plea court's duty to inquire was not triggered by defendant's postarrest statements that may have
negated an element of the criminal mischief charge at issue, since defendant "did not reiterate
those statements at [the] plea allocution" (People v Martorell, 88 AD3d 485 [2011], lv denied 18
NY3d 926 [2012][internal citation omitted]; see also People v Sosa, 172 AD3d 432, 433 [2019]). 
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see People v
Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concur I concur I concur
Decision Date: September 21, 2021