People v Mohammad (2021 NY Slip Op 51182(U))

[*1]

People v Mohammad (Yusuf)

2021 NY Slip Op 51182(U) [73 Misc 3d 140(A)]

Decided on December 15, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 15, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Hagler, Silvera, JJ.

570579/19

The People of the State of New York,
Respondent,
against
Yusuf Mohammad, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann D. Thompson, J.), rendered June 27, 2019, convicting him, upon his plea of
guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann D. Thompson, J.), rendered June 27, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea to disorderly conduct (Penal
Law § 240.20), in exchange for a promised sentence of a conditional discharge, was entered
knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently
advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375
[2015]; People v Sougou, 26 NY3d
1052 [2015]). Defendant's contention that the plea was invalid because the court failed to
advise him of the duration of the conditional discharge is unpreserved (see People v
Torres, __ NY3d __, 2021 NY Slip Op 05448 [2021]), and we decline to review it in the
interest of justice. As an alternative holding, we find it without merit (see People v Kidd, 105 AD3d
1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc
3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018]), lv denied 32 NY3d
938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant dismissal. Since we do not find that a dismissal is appropriate, we affirm on this
basis as well (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450
[2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 15, 2021