People v Melendez (2022 NY Slip Op 50110(U))

[*1]

People v Melendez (Natasha)

2022 NY Slip Op 50110(U) [74 Misc 3d 129(A)]

Decided on February 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570601/19

The People of the State of New York,
Respondent,
against
Natasha Melendez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jonathan Svetkey, J.), rendered April 29, 2019, convicting her, upon her plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered April 29, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea to petit larceny (see
Penal Law § 155.25) was entered knowingly, voluntarily and intelligently with the aid
of counsel, and after the court sufficiently advised defendant of the constitutional rights she
would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052
[2015]).
Defendant's contention that the plea was invalid because the court failed to advise her of the
duration of the conditional discharge is unpreserved (see People v Torres, 37 NY3d 256, 265 [2021]), and we decline to
review it in the interest of justice. As an alternative holding, we find it without merit (see People v Kidd, 105 AD3d
1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc
3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018], lv denied 33 NY3d
938 [2018]). 
In any event, the only relief that defendant requests is dismissal of the accusatory instrument,
rather than vacatur of the plea, and she expressly requests that this Court affirm her conviction if
it does not grant dismissal. Since we do not find that dismissal is appropriate, we affirm on this
basis as well (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450
[2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 22, 2022