People v Lorenzo (2022 NY Slip Op 50111(U))

[*1]

People v Lorenzo (Jose)

2022 NY Slip Op 50111(U) [74 Misc 3d 129(A)]

Decided on February 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570006/20

The People of the State of New York,
Respondent,
against
Jose Lorenzo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jay L. Weiner, J.), rendered October 29, 2019, convicting him, upon his plea of
guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jay L. Weiner, J.), rendered October 29, 2019, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary (see
People v Conceicao, 26 NY3d 375 [2015]). Defendant pled guilty to one misdemeanor count
of criminal contempt in the second degree (see Penal Law § 215.50[3]) in full
satisfaction of an accusatory instrument charging, inter alia, two class E felonies; defendant
personally confirmed that no one was forcing him to plead guilty and that he had enough time to
speak to his attorney; and that he understood that he was giving up his rights to a jury trial, to
confront the People's witnesses and to either testify or to remain silent. The court was not
required to conduct a sua sponte inquiry into whether defendant's ability to enter the plea was
impaired by drugs or alcohol. There was nothing in the record to suggest that defendant's ability
to make a decision to enter a valid plea was impaired in any way, regardless of what was said on
other occasions (see People v
Praileau, 110 AD3d 415 [2013], lv denied 22 NY3d 1202 [2014]; People v Rodriguez, 83 AD3d 449
[2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d
881 [2007]).
In any event, the only relief defendant requests is a dismissal of the accusatory instrument,
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant a dismissal. Since it cannot be said that no penologicial purpose would be served
by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450
[2016]), dismissal is not warranted and we therefore affirm.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 22, 2022