People v Perez (2022 NY Slip Op 50264(U))

[*1]

People v Perez (Miguel)

2022 NY Slip Op 50264(U) [74 Misc 3d 133(A)]

Decided on April 13, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 13, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Brigantti, Tisch, JJ.

570010/21

The People of the State of New York,
Respondent,
against
Miguel Perez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Beth Beller, J.), rendered January 8, 2020, convicting him, upon his plea of guilty, of
aggravated harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered January 8, 2020, affirmed.
The complaint was not jurisdictionally defective. It charged all the elements of the
aggravated harassment in the second degree (see Penal Law § 240.30[1][a]), the sole
offense to which defendant pleaded guilty. Indeed, defendant does not challenge the facial
sufficiency of this charge. 
Defendant's challenge to the legal sufficiency of the third-degree menacing charge contained
in the accusatory instrument is unavailing, since he is not aggrieved by alleged defects in a
charge of which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28
NY3d 1188 [2017]; People v
Valentin, 66 Misc 3d 136[A], 2020 NY Slip Op 50044[U][App Term, 1st Dept 2020],
lv denied 35 NY3d 945 [2020]). 
In any event, the only relief which the defendant requests is dismissal of the accusatory
instrument rather than vacatur of the plea, and he expressly requests that this Court affirm the
conviction if it does not grant a dismissal. Because we do not find that dismissal would be
appropriate, we affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 13, 2022