People v Campbell (2022 NY Slip Op 50945(U))

[*1]

People v Campbell (Rasheed)

2022 NY Slip Op 50945(U) [76 Misc 3d 136(A)]

Decided on September 27, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 27, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570372/17

The People of the State of New York,
Respondent, 
against
Rasheed Campbell, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from three judgments of the Criminal
Court of the City of New York, Bronx County (Shari Ruth Michels, J.), rendered May 11, 2017,
convicting him, upon his pleas of guilty, of three counts of unauthorized use of a vehicle in the
third degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Shari Ruth Michels, J.), rendered May 11, 2017, affirmed. 
Defendant was charged in three accusatory instruments with various offenses arising from
separate incidents where he either accessed, entered or otherwise exercised control over motor
vehicles without permission or consent of their owner. As part of a global resolution of these
prosecutions, defendant pleaded guilty to three counts of unauthorized use of a vehicle in the
third degree. The third-degree unauthorized use of a vehicle counts in each accusatory
instrument, assessed under the standard applicable to an information (see People v
Hatton, 26 NY3d 364, 368 [2015]), were jurisdictionally valid because they contained
"nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the
crime charged, thereby affording reasonable cause to believe that defendant committed that
offense" (People v Matthew P., 26 NY3d 332, 335-336 [2015], quoting People v
Jackson, 18 NY3d 738, 741 [2012]; see People v Kalin, 12 NY3d 225, 228-229
[2009]). The informations describe in detail how, on three separate occasions, defendant either
exercised control of or otherwise used motor vehicles - i.e. on August 17, 2016, he opened the
door to a black Chrysler Sedan with the key; on October 3, 2016, defendant used a key to enter a
Nissan Quest and sat in the driver's seat; on April 22, 2017, defendant approached a black BMW
with a key and electronic remote and activated the alarm - and that on each occasion he acted
without consent of the respective owners of said vehicles (see People v McCaleb, 25
NY2d 394, 399 [1969]; People v
Johnson, 123 AD3d 631 [2014], lv denied 25 NY3d 1203 [2015]).
Since the informations were jurisdictionally valid with respect to the offenses to which
defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offenses
(see People v Ruiz, 146 AD3d
417 [2017], lv denied 28 NY3d 1188 [2017]).
In view of our determination, defendant's alternative argument that his conviction under one
of the (allegedly defective) dockets should be vacated because it was induced by a promise of
[*2]a concurrent sentence with his conviction in the other cases,
is unavailing (see People v
Rodriguez, 153 AD3d 235, 247-248 [2017], affd 31 NY3d 1067 [2018]). In any
event, the only relief which the defendant requests with respect to the allegedly defective charge
is dismissal of that accusatory instrument rather than vacatur of the plea, and he expressly
requests that this Court affirm this conviction if it does not grant a dismissal. Because we do not
find that dismissal would be appropriate, we affirm on this basis as well (see People v Teron, 139 AD3d 450
[2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 27, 2022