People v Kirby (2022 NY Slip Op 51015(U))

[*1]

People v Kirby (Sadiq)

2022 NY Slip Op 51015(U) [76 Misc 3d 138(A)]

Decided on October 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570573/19

The People of the State of New
York, Respondent, 
against
Sadiq Kirby,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Richard A. Tsai, J.), rendered December 21, 2018, convicting him,
upon a plea of guilty, of criminal possession of a forged instrument in the third degree,
and imposing sentence.

Per Curiam.
Judgment of conviction (Richard A. Tsai, J.), rendered December 21, 2018,
affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see
People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument
was jurisdictionally valid because it described facts of an evidentiary nature establishing
reasonable cause to believe that defendant was guilty of criminal possession of a forged
instrument in the third degree (see Penal Law § 170.20). Defendant's
possession of a forged instrument was satisfied by allegations that one of the student
MetroCards in his pocket was bent in a manner that the officer knew from his training
and experience "can alter a card with zero balance so that it will still provide a ride to the
user" (see People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d
634, 635 [2009], lv denied 13 NY3d 837 [2009]). Contrary to defendant's
present contention, his intent to defraud can be inferred from his presence in a subway
station, near the turnstiles, where he approached two individuals while making a
side-to-side swiping motion with his hand, while possessing a student MetroCard bent
along its magnetic strip (see People v Johnson, 65 NY2d 556 [1985]; People
v Bracey, 41 NY2d 296, 301 [1977]).
In any event, the only relief which the defendant requests is dismissal of the
accusatory instrument rather than vacatur of the plea and remand on the remaining
charges, and he expressly requests that this Court affirm the conviction if it does not
grant a dismissal. Because dismissal would not be appropriate, we affirm on this basis as
well (see People v Teron,
139 AD3d 450 [2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 19, 2022