People v Morales (2022 NY Slip Op 06328)

People v Morales

2022 NY Slip Op 06328

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Ind. No. 3309/16 Appeal No. 16625 Case No. 2017-2546 

[*1]The People of the State of New York, Respondent,
v
Reinaldo Morales, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered November 17, 2016, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a term of six months, unanimously affirmed.
Defendant's challenge to his guilty plea is unpreserved (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently, and voluntarily made (see Boykin v Alabama, 395 US 238 [1969]; People v Sougou, 26 NY3d 1052 [2015]).
In any event, defendant requests either dismissal of the indictment or reduction of his conviction to petit larceny (which, we note, is not a lesser included offense of burglary) rather than vacatur of the plea, and he expressly requests this Court to affirm the conviction if it does not grant one of his requested remedies. Since we do not find that either remedy would be appropriate, we affirm on this independent basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022