People v Arias (2023 NY Slip Op 02983)

People v Arias

2023 NY Slip Op 02983

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Ind. No. 3538/14, 1878/16 Appeal No. 398 Case No. 2018-3203 

[*1]The People of the State of New York, Respondent,
v
John Arias, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Will A. Page of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J. at dismissal motion and related proceedings; Thomas Farber, J. at plea and sentencing), rendered December 8, 2017, convicting defendant of manslaughter in the first degree, and sentencing him to a term of five years, unanimously affirmed.
By pleading guilty, defendant forfeited review of his claims that the evidence presented to the grand jury was legally insufficient, and that the grand jury proceedings were impaired by the prosecutor's failure to disclose to the grand jury a witness's prior inconsistent testimony (see People v Hansen, 95 NY2d 227, 230 [2000]; People v Hernandez, 198 AD3d 487 [1st Dept 2021], lv denied 37 NY3d 1146 [2021]). The alleged error did not rise to the level of impairment of the integrity of the grand jury proceedings. This was not a case like People v Pelchat (62 NY2d 97 [1984]), where the indictment was based solely on perjured testimony. "Inconsistency in the evidence does not warrant a conclusion that perjury was committed" (People v Fisher, 244 AD2d 191, 191 [1997], lv denied 91 NY2d 891 [1998]), and defendant has not explained why testimony by a witness who has made a prior inconsistent statement could not be considered "competent" evidence to support an indictment.
Moreover, the only relief defendant requests is reduction of his conviction to the lesser included offense of second-degree assault, and he expressly requests this Court to affirm his conviction if it does not grant that remedy. Since we do not find that reducing the conviction would be the appropriate remedy, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]).
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the five-year term of postrelease supervision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023