People v Davis (2023 NY Slip Op 50990(U))

[*1]

People v Davis (Rufus)

2023 NY Slip Op 50990(U)

Decided on September 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570158/19
The People of the State of New York, Respondent,
against
Rufus Davis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tandra L. Dawson, J.), rendered February 12, 2019, convicting him, upon his plea of guilty, of unlicensed driving, and imposing sentence.

Per Curiam.
Judgment of conviction (Tandra L. Dawson, J.), rendered February 12, 2019, affirmed.
The accusatory instrument, assessed under the standard applicable to a information (see People v Hatton, 26 NY3d 364, 368 [2015]), was not jurisdictionally defective. Sworn police allegations that on a specified date, defendant operated a motor vehicle "in front of 151 West 145 Street," a location that was a "public highway," was sufficient to establish the public highway element of the charged Vehicle and Traffic Law offenses (see People v Smith, 57 Misc 3d 156[A], 2017 NY Slip Op 51628[U][App Term, 1st Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Cardona, 53 Misc 3d 137[A], 2016 NY Slip Op 51466[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1143 [2017]). The Vehicle and Traffic Law broadly defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134; see People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]).
Defendant's guilty plea to unlicensed driving (see Vehicle and Traffic Law § 509[1]), a traffic infraction, in exchange for a $75 fine, was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382-383 [2015]), despite the absence of a full enumeration of the Boykin rights (see People v Sougou, 26 NY3d 1052 [2015]). In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court for further proceedings, dismissal is not warranted and therefore, we affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2023