People v Jiles (2025 NY Slip Op 50047(U))

[*1]

People v Jiles (Darryl)

2025 NY Slip Op 50047(U) [84 Misc 3d 137(A)]

Decided on January 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570179/21

The People of the State of New
York, Respondent,

against

Darryl Jiles,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Jeffrey Rosenblueth, J.), rendered February 8, 2021, convicting him,
upon a plea of guilty, of attempted grand larceny in the fourth degree, and imposing
sentence.

Per Curiam.

Judgment of conviction (Jeffrey Rosenblueth, J.), rendered February 8, 2021,
affirmed.

In satisfaction of a felony complaint charging defendant with 14 felonies and 12
misdemeanors arising from four separate robberies of equipment from a Bronx lot,
defendant pleaded guilty to a single misdemeanor count of attempted grand larceny in the
fourth degree (see Penal Law §§ 110.00, 155.30[1]), in exchange for a
sentence of time served. On appeal, defendant alleges that the factual allegations in the
accusatory instrument were insufficient to support the felony charges or the lesser
included offense to which he pleaded guilty. However, the only relief that defendant
requests is dismissal of the entire accusatory instrument rather than vacatur of the plea;
and he expressly requests this Court affirm his conviction if it does not grant dismissal.
Since it cannot be said that no penological purpose would be served by remanding the
matter to Criminal Court for further proceedings on the multiple remaining counts,
dismissal is not warranted and we affirm on this basis (see People v Conceicao,
26 NY3d 375, 385 n [2015]; see
e.g., People v Teron, 139 AD3d 450 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: January 22, 2025