People v Young (2025 NY Slip Op 50157(U))

[*1]

People v Young (Jamel)

2025 NY Slip Op 50157(U)

Decided on February 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570677/19

 The People of the State of New York, Respondent,
against
Jamel Young, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), rendered September 24, 2019, convicting him, upon a plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J.), rendered September 24, 2019, affirmed.
In satisfaction of a felony complaint charging defendant with two felonies and two misdemeanors arising from the possession of a 9 mm semi-automatic weapon and 42 live rounds of ammunition, defendant pleaded guilty to a single misdemeanor count of fourth degree criminal possession of a weapon (see Penal Law § 265.01 [1]), in exchange for a sentence of probation. On appeal, defendant challenges the facial sufficiency of the charge to which he pleaded guilty. However, the only relief that defendant requests is dismissal of the entire accusatory instrument rather than vacatur of the plea, and defendant expressly requests that this court affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court for further proceedings on the remaining counts in the event we accept defendant's facial sufficiency argument, dismissal is not warranted and we affirm on this basis (see People v Conceicao, 26 NY3d 375, 385 n [2015]; see e.g., People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 14, 2025