People v Navedo (2025 NY Slip Op 50156(U))

[*1]

People v Navedo (Guillermo)

2025 NY Slip Op 50156(U) [85 Misc 3d 126(A)]

Decided on February 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 14, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570837/18

The People of the State of New
York, Respondent,

against

Guillermo Navedo,
Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the
Criminal Court of the City of New York, Bronx County (Marsha D. Michael, J.), each
rendered June 5, 2018, convicting him, upon his pleas of guilty, of assault in the third
degree, and imposing sentence.

Per Curiam.

Judgments of conviction (Marsha D. Michael, J.), each rendered June 5, 2018,
affirmed.

As part of a global disposition of four pending cases, defendant pleaded guilty to one
count of third-degree assault (see Penal Law § 120.00) in satisfaction of
three misdemeanor complaints, and one count of third-degree assault in satisfaction of a
separate felony complaint. On appeal, defendant does not challenge the facial sufficiency
of either third-degree assault charge to which he pleaded guilty. Instead, he challenges
the facial sufficiency of the charge of criminal obstruction of breathing or blood
circulation contained in one of the misdemeanor complaints, and further seeks to parlay
that insufficiency into a dismissal of one or both third-degree assault charges.
Significantly, however, the only relief defendant requests is dismissal rather than a
remand for further proceedings, and he expressly requests this Court to affirm if it does
not grant a dismissal.

Defendant's facial sufficiency argument is unavailing. Defendant is not aggrieved by
alleged defects in the criminal obstruction of breathing or blood circulation charge of
which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv
denied 28 NY3d 1188 [2017]), since his plea to the pleaded third-degree assault
charge disposed of the three misdemeanor complaints (see CPL 220.30 [2]). In
any event, even if defendant was aggrieved, the dismissal remedy he seeks would not be
appropriate in view of the serious nature of the other charged offenses (see People v
Teron, 139 AD3d 450 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: February 14, 2025