People v Daniels (2025 NY Slip Op 50474(U))

[*1]

People v Daniels (Deshawn)

2025 NY Slip Op 50474(U) [85 Misc 3d 133(A)]

Decided on April 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570535/19

The People of the State of New
York, Respondent,
against
Deshawn Daniels,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Ann D. Thompson, J.), rendered June 13, 2019, after a plea of guilty,
convicting him of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann D. Thompson, J.), rendered June 13, 2019,
affirmed.
Defendant was charged in an accusatory instrument with one class A misdemeanor
and two violations, including disorderly conduct (see Penal Law § 240.20
[3]). Pursuant to a plea agreement, defendant pleaded guilty to the disorderly conduct
charge in exchange for a conditional discharge. On appeal, defendant challenges the
facial sufficiency of that charge. However, the only relief defendant requests is dismissal
of the entire accusatory instrument rather than vacatur of the plea, and he expressly
requests that this Court affirm the conviction if it does not grant a dismissal.
Even were we to accept defendant's contention that the disorderly conduct charge to
which he pleaded guilty was jurisdictionally defective, we find that his specific request
for dismissal of the remaining charges would not be an appropriate remedy. In view of
the serious nature of at least one of the remaining offenses, second-degree criminal
contempt (see Penal Law § 215.50), based upon allegations that defendant
violated a Family Court order of protection, a penological purpose would be served by
remanding the matter for further proceedings (see People v Conceicao, 26 NY3d
375, 385 n [2015]). We, therefore, affirm the judgment of conviction without reviewing
defendant's challenge, as the ultimate outcome of the appeal would, in either event, be an
affirmance (see People v
Teron, 139 AD3d 450, 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 11, 2025