People v Nunez (2025 NY Slip Op 51781(U))

[*1]

People v Nunez (Odalvy)

2025 NY Slip Op 51781(U)

Decided on November 13, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570100/20

The People of the State of New York, Respondent,
against
Odalvy Nunez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Michael John Hartofilis, J. at plea; Jeffrey Rosenblueth, J. at sentencing), rendered January 30, 2020, convicting her, upon a plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael John Hartofilis, J. at plea; Jeffrey Rosenblueth, J. at sentencing), rendered January 30, 2020, affirmed.
Defendant was charged in an accusatory instrument with three felonies, including third-degree grand larceny (Penal Law § 155.35 [1]), and three misdemeanor offenses. Pursuant to a plea agreement, the felony charges were dismissed and defendant pleaded guilty to a single added misdemeanor count of petit larceny (see Penal Law § 155.25), in exchange for a sentence of probation and restitution. On appeal, defendant challenges the facial sufficiency of the charge to which she pleaded guilty. However, the only relief that defendant requests is dismissal of the entire accusatory instrument rather than vacatur of the plea, and defendant expressly requests that this court affirm her conviction if it does not grant a dismissal.
Even if we were to accept defendant's contention that the petit larceny charge to which she pleaded guilty was jurisdictionally defective, we find that her specific request for dismissal would not be an appropriate remedy. In view of the serious nature of the other charges contained in the accusatory instrument, a penological purpose would be served by remanding the matter to Criminal Court for further proceedings on the remaining charges (see People v Conceicao, 26 NY3d 375, 385 n [2015]). We therefore affirm the judgment of conviction without reviewing defendant's challenge, as the ultimate outcome of this appeal would, in either event, be an affirmance (see People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 13, 2025